IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20069-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| DARNELL RICHMOND, | ) | No. 11-2582-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On October 8, 2009, defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On December 28, 2009, the Court sentenced defendant to 151 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #47) filed October 21, 2011. For reasons stated below, the Court overrules defendant's motion.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Liberally construed, defendant's Section 2255 motion asserts that his attorney, Michael Harris, was ineffective at sentencing because he did not argue that (1) since defendant's prior convictions only involved attempted robberies, they do not constitute "crimes of violence" for purposes of the career offender guideline, United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, and (2) defendant's offense in the instant case involved "only simple bank robbery" and

did not constitute a violent crime. See Motion Under 28 U.S.C. § 2255 (Doc. #47).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) counsel's deficient performance prejudiced the defense to such an extent that a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I. Failure To Argue That Prior Convictions Were Not Crimes Of Violence

Defendant argues that counsel was ineffective because he did not challenge his classification as a career offender under the Guidelines. In particular, defendant argues that his prior convictions did not constitute crimes of violence because they were only attempts. Section 4B1.1 of the Guidelines defines "crime of violence" by referring to Section 4B1.2. See U.S.S.G. § 4B1.1 App. n.1. Section 4B1.2(a) in turn defines "crime of violence" to mean any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The Commentary to Section 4B1.2 notes that a "crime of violence" includes "robbery" and the offenses of "aiding and abetting, conspiring, and attempting" to commit such an offense.[1] U.S.S.G. § 4B1.2 cmt. n.1; see United States v. Morris, 562 F.3d 1131, 1135 (10th Cir. 2009) (commentary issued by Sentencing Commission to interpret or explain guideline is binding and authoritative unless it violates Constitution or federal statute, or is inconsistent with, or plainly erroneous reading of, guideline) (citing Stinson v. United States, 508 U.S. 36, 43 (1993)).[2]

---

[1] In a letter (Doc. #48), which the Court construes as a motion to supplement, defendant states that his case also implicates Begay v. United States, 553 U.S. 137 (2008). Begay involved an interpretation of the residual clause of the Armed Career Criminal Act ("ACCA"), which is analogous to the residual clause in U.S.S.G. § 4B1.2(a)(2) for crimes that do not include an element of physical force against another but otherwise present a serious potential risk of physical injury to another. Neither residual clause, however, is at issue in defendant's case because an element of burglary is the use, attempted use or threatened use of physical force against the person of another. See U.S.S.G. § 4B1.2(a)(1). The Court therefore overrules defendant's request to supplement his motion.

[2] In determining that a Florida offense of attempted burglary is a violent felony for purposes of the analogous provision of the ACCA, the Supreme Court noted as follows:

> The United States Sentencing Commission has come to a similar conclusion with regard to the Sentencing Guidelines' career offender enhancement, whose definition of a predicate "crime of violence" closely tracks ACCA's definition of "violent felony." See United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (USSG). The Commission has determined that "crime[s] of violence" for the purpose of the Guidelines enhancement "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2, comment, n.1. This judgment was based on the Commission's review of empirical sentencing data and presumably reflects an assessment that attempt crimes often pose a similar risk of injury as completed offenses. As then-Chief Judge Breyer
>
> (continued...)

Under the Guidelines, defendant's convictions for attempted robbery in 1986 and robbery in 2001 constitute "crimes of violence" for purposes of the career criminal enhancement.[3] U.S.S.G. § 4B1.2 cmt. n.1; see United States v. Martinez, 602 F.3d 1166, 1174 (10th Cir. 2010) (rejecting challenge to Application Note 1 to § 4B1.2, which includes attempts of certain offenses as crimes of violence); United States v. Rooks, 556 F.3d 1145, 1151 (10th Cir. 2009) (no distinction between inchoate and completed crimes for purposes of defining crime of violence under § 4B1.2(a)); United States v. Austin, 426 F.3d 1266, 1268, 1278 (10th Cir. 2005) (attempted sexual assault on child constitutes crime of violence under § 4B1.2(a)); see also United States v. Escobedo, 382 Fed. Appx. 671, 674 n.2 (10th Cir. 2010) (fact that defendant was convicted of inchoate crime of attempted kidnapping rather than completed substantive offense inconsequential under U.S.S.G. § 2L1.2). In light of the above law, counsel's failure to challenge defendant's prior convictions for attempted robbery and robbery as qualifying convictions for purposes of the career criminal enhancement was

---

[2](...continued)
explained, "[t]he Commission, which collects detailed sentencing data on virtually every federal criminal case, is better able than any individual court to make an informed judgment about the relation between" a particular offense and "the likelihood of accompanying violence." United States v. Doe, 960 F.2d 221, 225 (C.A. 1 1992); see also USSG § 1A3 (Nov. 1987), reprinted in § 1A1.1 comment. (Nov. 2006) (describing empirical basis of Commission's formulation of Guidelines); United States v. Chambers, 473 F.3d 724 (C.A. 7 2007) (noting the usefulness of empirical analysis from the Commission in determining whether an unenumerated crime poses a risk of violence).

James v. United States, 550 U.S. 192, 206 (2007).

[3] Defendant argues that his 2001 conviction was for attempted robbery, not robbery. As explained above, even if the Court assumes that the presentence investigation report was inaccurate in this regard, the distinction is immaterial for purposes of Section 4B1.1.

not deficient or prejudicial.[4]

Counsel's performance generally at sentencing was within the wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 689.  At sentencing, counsel pursued the entirely reasonable strategy of arguing that a sentence consistent with the career criminal enhancement would be greater than necessary to accomplish the sentencing purposes under Section 3553(a).  See Sentence (Doc. #43) filed May 4, 2010 at 5.

## II.     Failure To Argue That Instant Offense Did Not Involve Violence

Defendant argues that Mr. Harris was ineffective because he did not argue that the Court should apply the sentencing guideline for larceny, not robbery.[5]  Defendant maintains that the instant offense did not involve violence, but he ignores the fact that he pled guilty to the crime of bank robbery, not bank larceny.  The Court therefore properly applied the guideline provision for robbery.[6]  See U.S.S.G. § 2B3.1(a).

## III.    Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief.  Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief.  Accordingly, no evidentiary hearing or response

---

[4]     In any event, as a factual matter, both of defendant's prior offenses involved the use of force.  See PSIR ¶ 31 (defendant pled guilty to forcing someone at knife point to go to his bank to withdraw money and forcing that same individual at knife point to make out a withdrawal slip); PSIR ¶ 36 (defendant pled guilty to taking property from the presence of another by force).

[5]     Under the Guidelines, the base offense level for robbery is 20.  See U.S.S.G. § 2B3.1(a).  The base offense level for larceny is 6 or 7.  See U.S.S.G. § 2B1.1(a).

[6]     The Court also increased defendant's offense level by two levels because he made a threat of death for purposes of U.S.S.G. § 2B3.1(b)(2)(F).  In particular, defendant handed the bank employee a note which stated "I have a bomb."  PSIR ¶ 17.

-5-

by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## IV.     Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #47) filed October 21, 2011 be and hereby is **OVERRULED**.

---

[7]     The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #48) filed November 14, 2011, which the Court construes as a motion to supplement, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the ruling on defendant's Section 2255 motion.

Dated this 21st day of November, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge