IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 09-20069-01-KHV |
| | ) | |
| DARNELL RICHMOND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On October 8, 2009, defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On December 28, 2009, the Court sentenced defendant to 151 months in prison. On appeal, the Tenth Circuit affirmed defendant's sentence. On November 21, 2011, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's [Motion For] § 3742 Review Of Sentence (Doc. #50) filed August 24, 2012, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's motion for lack of jurisdiction.

## Analysis

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or

---

[1] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Defendant argues that the Court incorrectly sentenced him as a career offender because his conviction in 1986 for attempted robbery resulted in a sentence of five years probation and therefore was not a prior "felony" conviction.  Section 4B1.1 of the Guidelines defines "crime of violence" by referring to Section 4B1.2.  See U.S.S.G. § 4B1.1 App. n.1.  Section 4B1.2(a) in turn defines "crime of violence" to mean certain violent offenses under federal or state law, "punishable by imprisonment for a term exceeding one year."  U.S.S.G. § 4B1.2(a).[2]  This section requires only that the prior crime be "punishable" by imprisonment for more than one year, not that defendant actually received a sentence of more than one year.  Defendant does not dispute that the maximum penalty for his offense was well in excess of one year in prison.[3]  Indeed, when the state court revoked his probation in 1989, it sentenced him to ten years in prison.  Because the maximum penalty for the

---

[2] The Commentary to Section 4B1.2 notes that a "crime of violence" includes "robbery" and the offenses of "aiding and abetting, conspiring, and attempting" to commit such an offense.  U.S.S.G. § 4B1.2 cmt. n.1; see United States v. Morris, 562 F.3d 1131, 1135 (10th Cir. 2009) (commentary issued by Sentencing Commission to interpret or explain guideline is binding and authoritative unless it violates Constitution or federal statute, or is inconsistent with, or plainly erroneous reading of, guideline) (citing Stinson v. United States, 508 U.S. 36, 43 (1993)).

[3] In Missouri, attempted robbery in the first degree is a Class B felony and the offender is subject to a maximum of 15 years in prison.  See Mo. Ann. Stat. § 558.011 (1986); see also Mo. Ann. Stat. § 569.020 (1986) (robbery in first degree is Class A felony); Mo. Ann. Stat. § 564.011 (1986) (attempt of Class A felony is a Class B felony).

offense of attempted robbery was more than one year, defendant is not entitled to relief. Accordingly, the Court declines to transfer the present motion to the Court of Appeals for processing.

**IT IS THEREFORE ORDERED** that defendant's [Motion For] § 3742 Review Of Sentence (Doc. #50) filed August 24, 2012, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, be and hereby is **OVERRULED for lack of jurisdiction**.

Dated this 5th day of September, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge